IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERRY LOUSTEAU                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:11cv676-DPJ-FKB

CITY OF CANTON, MISSISSIPPI,
WILLIAM TRULY, and VICKIE McNEIL                                                   DEFENDANTS

ORDER

  This is an action brought pursuant to § 1983 for alleged violations of Plaintiff's First Amendment rights.  Plaintiff, the owner of a radio station and the host of a news commentary radio show, contends that Defendants have retaliated against him for constitutionally protected statements he has made on his radio program concerning Defendants William Truly, Mayor of Canton, Mississippi; and Vickie McNeil, the Canton Chief of Police.  Presently before the Court is Defendants' motion to compel Plaintiff's answers to interrogatories and deposition questions concerning Plaintiff's sources for some of these statements.  Plaintiff has refused to answer the questions, claiming a reporter's First Amendment privilege to keep his sources confidential.  *See Miller v. Transamerican Press, Inc.,* 621 F.2d 721, *opinion supplemented on denial of rehearing*, 628 F.2d 932 (5th Cir. 1980).

  The reporter's privilege is qualified, not absolute.  The privilege may be overcome by establishing the necessity of the confidential information to the issues in the case and the lack of other means of obtaining it.  *See In re Selcraig*, 705 F.2d 789 (5th Cir. 1983). Furthermore, there is authority supporting the proposition that where a reporter initiates a legal action, he waives his privilege to keep his sources confidential if those sources have

otherwise discoverable information.  *See Anderson v. Nixon*, 444 F.Supp. 1195 (D.C. 1978).

Defendants take the position that the information they seek is necessary to the their defense of this action, in that it may show that some of Plaintiffs' statements were not protected under the First Amendment.  Generally, public factual statements concerning matters of public concern, even if those statements are untrue, constitute protected speech under the First Amendment.  However, statements made with actual malice, *i.e.*, with the knowledge that they are false or with reckless disregard as to whether they are false, enjoy no constitutional protection.  *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).  Defendants contend that some of the statements made by Plaintiff and for which Plaintiff alleges that he suffered retaliation were false and were made with actual malice, and therefore constitute unprotected speech.  Defendants seek the identity of Plaintiff's sources in order to determine whether Plaintiff made these statements with actual malice.

The Court agrees that the source of any factual statements made by Plaintiff concerning Defendants and claimed by Defendants to have been false is discoverable notwithstanding the privilege.  The identity of the sources upon which Plaintiff relied for such statements is likely to lead to information about what Plaintiff knew or should have known concerning the truth of his statements.  Furthermore, it seems unlikely that this information could be obtained by any means other than for Plaintiff himself to identify his sources of information.  Thus, whether the issue is analyzed in terms of necessity and other available means, or in terms of waiver, the result is that Defendants are entitled to

discover Plaintiff's sources *if* that information bears on to the question of whether Plaintiff's factual statements about Defendants were made with actual malice.[1]

The specific deposition questions at issue in the present motion are as follows: (1) Who told Plaintiff that Defendant McNeil threatened to discipline employees for speaking to Plaintiff; (2) who told Plaintiff that Defendant McNeil "looked the other way" and "helped cover up criminal activity," and (3) who told Plaintiff that Defendant McNeil would be charged with a crime for the events discussed on Plaintiff's radio broadcast of November 8, 2010. In addition to these deposition questions, two document requests are at issue:

> Request no. 15: Please produce copies of any document that references Mayor Truly or Police Chief McNeil that you have mentioned, discussed, or referenced in your radio broadcasts. This request includes, but is not limited to, emails or letters from alleged "concerned citizens" or "sources close" to the Mayor's office or Police Department.
>
> Request no. 17: Please produce copies of any notes taken by you in connection with your attendance at any Canton Board or Workshop meeting during Mayor Truly's administration.

The problem with Defendants' motion is that they have largely failed to link these questions and discovery requests to specific statements of fact made by Plaintiff and with respect to which they are attempting to show, or could show, actual malice. It is clear from the parties' filings that in his radio broadcast Plaintiff has freely and frequently made negative and critical remarks about Truly and McNeil. But the only speech for which

---

[1] *Anderson* provides strong support for a finding of waiver in the present case. As here, in *Anderson*, the reporter sued for violations of his First Amendment rights. The defendants asserted a statute of limitations defense, which turned on the question of when the plaintiff had actually learned of defendants' alleged activities–a question that could very likely be answered by questioning the plaintiff's sources. The court concluded that because the reporter had chosen to become a litigant, he had waived the privilege as to any otherwise relevant information. *Anderson*, 44 F.Supp at 1200.

Defendants' actual malice argument would be relevant would be speech consisting of specific assertions or implications of objective fact which were false:  "[A] statement of opinion relating to matters of public concern which does not contain a provably false factual connotation" receives full First Amendment protection, as do "statements that cannot 'reasonably [be] interpreted as stating actual facts' about an individual." *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20 (1990).  The parties' filings reference only a handful of public statements on matters of public concern made by Plaintiff which could be characterized as factual, and therefore subject to less than complete First Amendment protection.  All of these concern a matter referred to by Plaintiff as "turkeygate," which involved allegations that McNeill had mismanaged funds she had collected for the purchase of holiday turkeys and hams for police officers.  In his deposition, Plaintiff admitted that during a broadcast he had accused McNeil of engaging in "shady activity" and had told his audience that "You know the implication is that there were some stolen items being sold by McNeill to other officers."  There is also an indication in the parties' filings that during a broadcast Plaintiff questioned whether McNeill would "soon be on an arrest report," stating that "some say it's long overdue," and that "many say it's very possible that the chief will soon be charged with some sort of fraud or false pretense."[2]  Finally, Plaintiff admitted in his deposition to having referred to McNeil as the "thief of police" in his broadcasts.  Taken as a whole and in context, these statements could reasonably have been interpreted to state that McNeil had engaged in criminal activity for

---

[2]There is no indication that the statements about McNeil's allegedly threatening his employees for speaking to Plaintiff and covering up criminal activity were made by Plaintiff publicly or at any time and place other than in his deposition.

4

which she might be prosecuted.  Because Defendants could arguably defend against Plaintiff's retaliation claims concerning these statements by showing that the statements were made with actual malice, Defendants are entitled to question Plaintiff concerning his sources for these statements and to obtain any documents in Plaintiff's possession that refer to the possibility of impending criminal charges against McNeil arising out of "turkeygate."

However, Defendants have failed to establish a relationship between the other information they seek and any specific public statements of fact with respect to which actual malice on the part of Plaintiff would be relevant.  For this reason, the remainder of Defendants' motion is denied.

SO ORDERED this the 18th day of October, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE